IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS BARNES, individually and on behalf of all others similarly situated, </br></br>    Plaintiff, </br></br> v. </br></br> ROB JEFFREYS, in his official Capacity as the Director of the Illinois Department of Corrections, </br></br>    Defendant. | No. 20-cv-2137 |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
PURSUANT TO FED. R. CIV. P. 23(B)(2) AND FOR APPOINTMENT
OF CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)(1)**

Plaintiff, through counsel, respectfully requests that this Court enter an order pursuant to Federal Rule of Civil Procedure 23(b)(2) certifying this case as a class action on behalf of all individuals who have been convicted of sex offenses and completed their court-imposed sentence of incarceration but remain imprisoned in the Illinois Department of Corrections because they cannot find housing that complies with 730 ILCS 5/3-3-7(a)(7.6). Plaintiff further requests that this Court enter an order appointing the undersigned attorneys as class counsel. In support thereof, Plaintiff states as follows.

### INTRODUCTION

Plaintiff challenges the constitutionality of 730 ILCS 5/3-3-7(a)(7.6) (hereinafter "the One-Per-Address Statute."). The Statute prohibits any individual on mandatory supervised release for a sex offense from residing "at the same address

or in the same condominium unit or apartment unit or in the same condominium complex or apartment complex with another person he or she knows or reasonably should know is a convicted sex offender or has been placed on supervision for a sex offense."

Plaintiff Marcus Barnes, and the members of the class he seeks to represent, have all completed their court-ordered terms of incarceration and are entitled to release on Mandatory Supervised Release ("MSR"). They remain in prison because they cannot find an approved "host site" at which to live while on MSR due to the enforcement of the One-Per-Address Statute.

Plaintiff claims enforcement of the Statute against him and others similarly situated violates the Eighth Amendment. Plaintiff seeks injunctive and declaratory relief on behalf of the class against Rob Jeffreys in his official capacity as the director of the Illinois Department of Corrections. Mr. Jeffreys is the public official with ultimate authority for enforcement of the One-Per-Address Statute.

Plaintiff's claims are ideally suited to proceed as a class action under Federal Rule of Civil Procedure 23(b)(2). As set forth below, the proposed class satisfies each element of Rule 23(a) because (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the named Plaintiff are typical of the claims of the class; and (4) the named Plaintiff will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Moreover, this matter meets the requirements for class certification under Rule 23(b)(2) because Defendant has acted in a manner that applies

generally to the class as a whole, rendering class-wide injunctive and declaratory relief appropriate under Fed. R. Civ. P. 23(b)(2).

## ARGUMENT

### I. The Court Should Certify the Proposed Class

For a district court to certify a class action, the named plaintiff and the proposed class must satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and the requirements of at least one subsection of Rule 23(b). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Here, because the named Plaintiff and the proposed class meet all four Rule 23(a) requirements and the requirements of Rule 23(b)(2), the class should be certified.

### A. The Proposed Class Meets All of the Requirements of Fed. R. Civ. P. 23(a) and 23(b)(2)

#### 1. Numerosity

Federal Rule of Civil Procedure 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class "including more than 40 members" generally meets this standard. *Barragan v. Evanger's Dog and Cat Food Co.*, 259 F.R.D. 330, 333 (N.D.Ill. 2009); *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612 (N.D. Ill. 2012) (same); *accord* William B. Rubenstein, et al., Newberg on Class Actions, § 3:12 (5th ed. 2011) ("a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone.")

Here, the proposed class easily satisfies this standard. According to the final report of the Illinois Sex Offenses & Sex Offender Registration Task Force,

3

published in December 2017, "[o]n average, the Illinois Department of Corrections houses 1,200 to 1,400 offenders who may not be released from custody because they are unable to secure permanent, stable housing meeting Illinois statute requirements or agency policy."[1] If only five percent of those individuals are being held due to the One- Per-Address Statute, the class would easily satisfy the numerosity requirement. Moreover, the number of individuals imprisoned in IDOC due to a lack of compliant housing has grown substantially since the publication of the Task Force Report and continues to grow every month as additional individuals finish their sentences of imprisonment and become eligible for release on MSR.

2. **Commonality**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The Seventh Circuit has observed that a "common nucleus of operative fact is usually enough to satisfy the commonality requirement." *Rosario*, 963 F.2d at 1018; *Streeter*, 256 F.R.D. at 612 (same).

An injunctive challenge to a statute that applies generally to all members of the class is a textbook example of a case that satisfies the commonality requirement and warrants class certification. Indeed, this Court and the Seventh Circuit have repeatedly recognized that "[a] class action is … an appropriate vehicle to address what is alleged to be a systemic problem." *Coleman v. County of Kane*, 196 F.R.D. 505, 507 (N.D. Ill. 2000) (finding commonality in case challenging sheriff's policy regarding bond fees); *Corey H. v. Board of Educ. of City of Chicago*, No. 92 C 3409,

---

[1] Available at: http://www.icjia.state.il.us/news/sex-offenses-and-sex-offender-registration-task-force-final-report

2012 WL 2953217, at *7 (N.D. Ill. Jul. 19, 2012) ("Plaintiffs have attacked … systemic failures and district-wide policies that apply to every member of the certified class …"); *Olson v. Brown,* 594 F.3d 577 (7th Cir. 2010) (finding a class action was an appropriate vehicle to challenge jail policies concerning responding to inmates' grievances and opening inmates' legal mail); *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612–13 (N.D. Ill. 2009) (certifying class of detainees challenging the Cook County jail's strip search policy).

Here, the named Plaintiff and all members of the proposed are challenging the constitutionality of the same statute. Accordingly, all of the core factual and legal questions are appropriate for resolution on a class-wide basis. These common questions include the following:

- What are the rationales for the One-Per-Address Statute;
- Whether there is any compelling interest served by the Statute;
- Whether the Statute violates the Eighth Amendment as applied to the members of the class.

Because there are common questions of law and fact pertaining to all members of the class, this matter meets the commonality requirement of Fed. R. Civ. P. 23(a)(2).

### 3. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The standard for determining typicality is not an identity of interest between the named plaintiffs and the class, but rather a "sufficient homogeneity of interest." *Jones v.*

*Blinziner*, 536 F. Supp. 1181, 1190 (N.D. Ind. 1982) (citing *Sosna v. Iowa*, 419 U.S. 393, 403 n.13 (1975)). "[T]he typicality requirement is liberally construed." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). This requirement "is meant to assume that the named representative's claims 'have the same essential characteristics as the claims of the class at large.'" *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006).

Where, as here, the named plaintiffs' injuries arise from a generally applicable statute affecting all members of the class, typicality exists even if there are factual differences in precisely how the policy was applied to each plaintiff. *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612-13 (N.D. Ill. 2009) (certifying class of detainees strip searched upon entry to Cook County Jail, despite the Sheriff's argument that there were differences in the circumstances of each search "because 'the likelihood of some range of variation in how different groups of … detainees were treated does not undermine the fact that the claims of each class [member] share a common factual basis and legal theory.'"); *Areola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008) (typicality satisfied where plaintiff was in the "same boat" as other Cook County Jail detainees who had been denied crutches); *Bullock v. Sheahan*, 225 F.R.D. 227, 230 (N.D. Ill. 2004) ("[p]otential factual differences"

6

relating to individual searches held insufficient to defeat typicality in a jail strip search case).

In this case, the named Plaintiff's claims are typical of the class as a whole. Plaintiff Barnes is currently detained in IDOC despite having completed his term of incarceration because he is subject to the One-Per-Address Statute. Each member of the proposed class is in the same situation. As such, Plaintiff is subject to the same policy applicable to every member of the class. Moreover, the named plaintiff and each class member has the same legal theories—that is, that the challenged statute violates the Eighth Amendment. Accordingly, the named Plaintiff satisfies Rule 23(a)(3)'s typicality requirement. *See Fonder v. Sheriff of Kankakee County*, No. 12-CV-2115, 2013 WL 5644754, at *6 (C.D. Ill. Oct. 15, 2013) (typicality satisfied where "Plaintiff is challenging the same strip search policy as the class he seeks to represent"); *Olson*, 284 F.R.D. at 411 (typicality satisfied where class representative and members of proposed class had their legal mail opened improperly by correctional officers).

### 4. Adequacy

Rule 23(a)(4) requires that the named plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequate representation inquiry consists of two parts: "(1) the adequacy of the named plaintiffs as representatives of the proposed class' myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel."

7

*Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). Both elements are met here.

### a. Plaintiff Is an Appropriate Representative of the Interests of the Class

The named Plaintiff will fairly and adequately protect the interests of the class. The named Plaintiff is currently being detained in IDOC pursuant to the allegedly unconstitutional statute. Both the named Plaintiff and the members of the proposed class have a common interest in ensuring that this statute is enjoined. The named Plaintiff and the class members raise the same claims and seek the same relief, and the class representative does not have interests antagonistic to the interests of the class. Plaintiff Barnes is committed to obtaining an injunction to prevent future violations of detained individuals' constitutional rights. Accordingly, Plaintiff Barnes has a strong personal stake in the proceedings that will "insure diligent and thorough prosecution of the litigation." *Rodriguez v. Swank*, 318 F. Supp. 289, 294 (N.D. Ill.1970), aff'd 403 U.S. 901 (1971).

### b. Adequacy of Representation

The named Plaintiff is represented by experienced civil rights counsel who are well qualified to represent the interests of the members of the class and have devoted substantial time and resources to vigorously prosecuting this case. Ms. Nicholas and Mr. Weinberg have successfully litigated numerous constitutional cases in which broad equitable relief was sought, including the *Murphy* class action which raised claims closely related to the claim raised here. *See, e.g., Murphy v. Raoul*, 16 C 11471, 380 F. Supp. 3d 731 (N.D. Ill., 2019) (Kendall, J.) (certified class

action; obtained permanent injunction governing IDOC procedures for releasing sex offenders on MSR); *RCP Publications Inc. v. City of Chicago*, 15 C 11398 (certified class action; obtained permanent injunction prohibiting enforcement of City's sign-posting ordinance and class-wide damages); *Adair v. Town of Cicero*, No. 18 C 3526, 2019 U.S. Dist. LEXIS 110949 (N.D. Ill. July 3, 2019) (pending certified class action on behalf of women detained in Town of Cicero police lockup); *Koger v. Dart*, 114 F. Supp. 3d 572 (N.D. Ill., 2015) (obtained declaratory judgment holding ban on newspapers in the Cook County Jail unconstitutional); *Pindak v. Dart*, 10 C 6237 (N.D. Ill. 2016) (Pallmeyer, J.) (obtained a permanent injunction ordering the sheriff to train deputies concerning First Amendment rights); *Norton v. City of Springfield*, 806 F. 3d 411 (7th Cir. 2015) (obtained a injunction barring the City of Springfield from enforcing its municipal panhandling ordinance).

Because the Plaintiff Barnes has demonstrated a commitment to vigorously pursuing class-wide relief and because he is represented by competent and experienced counsel, he satisfies Rule 23(a)(4)'s adequacy requirements.

### 5. Plaintiff Satisfies Fed. R. Civ. P. 23(b)(2) Because this Case Seeks Declaratory and Injunctive Relief from Policies that Impact the Entire Proposed Class

The final requirement for class certification is that the named plaintiff must meet the requirements of at least one of the subsections of Rule 23(b). Subsection (b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a

whole." Fed. R. Civ. P. 23(b)(2). Courts have long recognized that civil rights class actions are the paradigmatic 23(b)(2) suits, "for they seek classwide structural relief that would clearly redound equally to the benefit of each class member." *Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979), vacated on other grounds, 442 U.S. 915 (1979); *see also Alliance to End Repression v. Rochford*, 565 F. 2d 975, 979 n.9 (7th Cir. 1977) ("Rule 23(b)(2) … is devoted primarily to civil rights class actions which allege violations of constitutional rights.") (*citing* Advisory Committee Notes to the 1966 Amendments to Rule 23.) As stated in the leading treatise on class actions:

> Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits. Most class actions in the constitutional and civil rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria.

A. Conte & H. Newberg, Newberg on Class Actions § 25.20 (4th ed. 2002). Because this case seeks class-wide injunctive and declaratory relief, it is appropriate for certification as a class action under Fed. R. Civ. P. 23(b)(2).

## II. The Court Should Designate Plaintiff's Counsel as Class Counsel Under Rule 23(g)(1)

Federal Rule of Civil Procedure 23(g) requires that the district court appoint class counsel for any class that is certified. Fed. R. Civ. P. 23(g)(1). The attorneys appointed to serve as class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The appointed class counsel must be listed in a court's class certification order. Fed. R. Civ. P. 23(c)(1)(B).

Rule 23(g) provides four factors for a court to consider in appointing class counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law"; and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

The undersigned attorney satisfies each of these requirements. First, Plaintiff's counsel have invested substantial work into preparation of this case, including speaking to numerous families and individuals affected by the challenged policies, drafting a complaint, drafting a motion for a preliminary injunction and temporary restraining order, and conducting extensive legal research concerning the class members' claims. Second, as set forth in §I(A)(4)(c) above, Plaintiff's counsel have devoted substantial professional resources to litigation on behalf of individuals who have been convicted of sex offenses and have significant experience in handling complex civil rights litigation, including the kind of claims asserted in this case. Finally, Plaintiff's counsel have dedicated and will continue to commit substantial resources to the representation of this class. In sum, Plaintiff's counsel fully satisfy the criteria for class counsel set forth in Rule 23(g), and Plaintiff respectfully requests that the Court appoint undersigned counsel to represent the class.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the motion for class certification and appoint the undersigned attorney as Class Counsel.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiffs*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
847-361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net