UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.2
Eastern Division

Marcus Barnes
                        Plaintiff,

v.                                               Case No.: 1:20−cv−02137
                                                     Honorable Manish S. Shah

Rob Jeffreys
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 8, 2020:

      MINUTE entry before the Honorable Virginia M. Kendall. Motion hearing held on 4/8/2020 regarding Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [3] (Dkt. 154 in 20 C 1792). Plaintiff has completed his sentence and remains detained because of the "One Person Per Address" provision in 730 ILCS 5/3−3−7(a)(7.6). This Court has already held that detaining sex offenders long after their period of incarceration has been completed is unconstitutional. See Murphy v. Raoul, 380 F. Supp. 3rd 781 (N.D. Ill. 2019). Here, Plaintiff has found a place to live that will be supportive of his transfer back into the community. The building is operated by Jordan's Dreams, a nonprofit organization aiding individuals in assimilating back into the community. Another sex offender resides in the building already and therefore Defendants will not permit him to reside there. Plaintiff is clearly suffering a constitutional harm each day he is detained past his release date (which is now nearly a year and a half) and that harm can only be remedied by release. In response to the question about what penological or rehabilitative support the Defendants have for the "one Person One Addressquot; provision, Defendants were unable to give any. The public's interest in only have one sex offender live at one residence is not supported by any testimony, expert opinion, or evidence. Therefore, the Court finds that the statute is unconstitutional as it applies to Plaintiff and Defendants are enjoined from prohibiting his release to the address presented by Plaintiff. To the extent that the COVID−19 situation in the facility plays a factor, it is only minor at this stage because of the speculative nature of the claim that he could be harmed. Yet certainly, being held in a facility where he may be exposed to the virus is not taken lightly, his real harm at this stage is his continued incarceration beyond his release date when he has a suitable location to live.Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.