# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARCUS BARNES, *et al.*, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 20-cv-2137<br>) |
| ROB JEFFREYS, in his official capacity as the Director of the Illinois Department of Corrections, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

A hearing was held on June 1, 2020, on Plaintiffs' third motion for a preliminary injunction [25].

Plaintiffs have completed their sentences of imprisonment and are entitled to be released from the custody of the Illinois Department of Corrections ("IDOC") to serve their Mandatory Supervised Release time in the community, provided that they are able to submit a host site that is acceptable to the IDOC. Each of the Plaintiffs has identified housing that would otherwise be approved by IDOC, but for the "One Person Per Address" provision in 730 ILCS 5/3-3-7(a)(7.6). This Court has already determined that it is unconstitutional to imprison sex offenders long after their period of incarceration has been completed solely because they are unable to find suitable host sites. *See Murphy v. Raoul*, 380 F. Supp. 3d 781 (N.D. Ill. 2019).

The following Plaintiffs have identified host sites that will be supportive of their transition back into the community:

- Plaintiff Luis Aponte seeks to continue residing with his father at 2120 Lorraine Avenue, Apt. 5C, Waukegan, Illinois, 60085;

- Plaintiffs Kevin Manson, Columbo Galindo, Joshua Huddleston, Lavonne Givens, Lashaun Dean, Justin Fluckert, Dontae Boykin, Ronald Garrison, Johnny Harris, Manuel Aleman, Arnold Lloyd, Melvin Kelley, Andre Dunn, Charles Rucker and Michael Johnstone seek to reside at properties operated by New Beginnings, a transitional housing provider with locations at 6655 S. Perry, Chicago, Illinois 60621 and 11934 S. Lowe, Chicago, Illinois 60628; and

- Plaintiffs Juan Medina, Adam Escamilla, Ashief Shaffer, Reginald Harris, Edward Bartgen and John Berry seek to reside at Wayside Cross Ministries, a Bible-based transitional housing program at 215 E. New York Street, Aurora, Illinois, 60505.

At each of these proposed housing locations, another person who has been convicted of a sex offense already resides in the same building and therefore Defendant cannot release these individuals to the proposed locations because of its obligation to follow 730 ILCS 5/3-3-7(a)(7.6).

There has been no legitimate public interest articulated in only having one sex offender live at one residence. Therefore, the Court finds that the statute is unconstitutional as it applies to the 22 individuals identified above, and Defendant is enjoined from enforcing the "One Person Per Address" provision in 730 ILCS 5/3-3-7(a)(7.6) as to these individuals to the extent they seek release to the locations identified above, or in the case of Mr. Aponte, to the extent that he seeks to continue residing at the location identified above. Defendant is enjoined from prohibiting these individuals' release to the locations identified above, subject to the approval of

2

the program operators at New Beginnings and Wayside Cross Ministries. It is further ordered that Defendant is enjoined from enforcing the statute as to any other parolees currently residing at Wayside Cross Ministries or New Beginnings housing, for so long as they continue to reside there.

_____     \_June 3, 2020\_
Hon. Virginia M. Kendall,     Date
United States District Judge