IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS BARNES, *et al.*, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 20 C 2137 |
| v. | ) ) ) | Judge Virginia M. Kendall |
| ROB JEFFREYS, in his official capacity as the director of the Illinois Department of Corrections, | ) ) ) ) | |
| *Defendant*. | ) ) | |

## ORDER

Before the Court is Plaintiffs' Amended Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23(b)(2) and for Appointment of Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(1). (Dkt. 24-2). The Plaintiffs have been convicted of sex offenses and are in the custody of the Illinois Department of Corrections. (Dkt. 24-1 ¶ 1). They challenge the constitutionality of 730 ILCS 5/3-3-7(a)(7.6), which they refer to as the One-Per-Address Statute. (Dkt. 24-1 ¶ 2). The statute prevents those convicted of a sex offense from "residing at the same address or in the same condominium unit or apartment unit or in the same condominium complex or apartment complex with another person he or she knows or reasonably should know is a convicted sex offender or has been placed on supervision for a sex offense." 730 ILCS 5/3-3-7(a)(7.6). Plaintiffs argue that enforcement of the statute violates the Eighth and Fourteenth Amendments and seek an injunction barring its continued enforcement. (Dkt. 24-1 ¶ 7).

The class that Plaintiffs propose to certify is: "All individuals who have been convicted of sex offenses and completed their court-imposed sentence of incarceration who cannot find housing that complies with 730 ILCS 5/3-3-7(a)(7.6) at which to reside while on Mandatory Supervised Release." (Dkt. 24-2 at 1). Defendant does not oppose certification of the class or appointment of the proposed class counsel. (Dkt. 30).

The Court grants Plaintiffs' motion. For the reasons set forth by Plaintiffs in their motion, which are uncontested by the Defendant, the Court concludes that the class meets the numerosity, commonality, typicality, and adequacy requirements of Rule 23, and that relief is appropriate for the class as a whole as the grounds raised by Plaintiffs apply generally to the class. Fed. R. Civ. P. 23(a) &(b)(2); *see also Orr v. Shicker*, 953 F.3d 490, 497 (7th Cir. 2020) ("Federal Rule of Civil Procedure 23 requires a plaintiff seeking class certification to satisfy all four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and any one of the general categories of Rule 23(b).").

As to numerosity, "[a] class can be certified without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class action suit," and "[w]hile there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement." *Orr*, 953 F.3d at 497–98 (internal quotation marks omitted). Here, Plaintiffs have already identified 36 class members and reasonably anticipate there will be many more. Defendant does not contest this. The Court concludes that the numerosity requirement is met.

As to commonality, "Plaintiffs' claims 'must depend upon a common contention. . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id.* at 498 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The class seeks a common determination—whether they are being subjected to an unconstitutional statute. The same questions of law and fact apply across class members and the resolution of that issue is central to the claims of all class members. Defendant does not contest this. The Court concludes that the commonality requirement is met.

As to typicality, "Plaintiffs must show that the 'claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Id.* at 500 (quoting Fed. R. Civ. P. 23(a)(3)). As Plaintiffs state, "[e]ach named Plaintiff has a place to live that would meet IDOC approval but for the One-Per-Address Statute," they are or risk being "imprisoned beyond the completion of their court-ordered term of incarceration unless and until they find housing that satisfies this rule," and "the application of the challenged Statute keeps them in prison in violation of the Eighth Amendment and the Equal Protection Clause." (Dkt. 24-2 at 7). These claims are typical of the class as a whole. Though the specific facts for each individual may differ, *e.g.*, where they plan to reside or how long they have been incarcerated, the claims all share these key similarities. There is "enough congruence" between the claims of the named Plaintiffs and the class to justify allowing the named plaintiffs to litigate on the class's behalf. *Orr*, 953 F.3d at 500 (internal quotation marks omitted). Defendant does not contest this. The Court concludes that the typicality requirement is met.

As to adequacy, Plaintiffs must show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "A class representative must be part of the class and must possess the same interest and suffer the same injury as the other class members." *Orr*, 953 F.3d at 499 (internal quotation marks omitted). Plaintiffs set forth 36 named Plaintiffs as representatives.[1] As noted above, the named Plaintiffs have suffered the same alleged injury as the class. And, as the Plaintiffs raise, they have a strong personal stake in diligently pursuing this litigation. Even if they are released from incarceration, they may still face reincarceration as a result of the statute, and so their personal stake continues to remain strong. Defendant does not contest this. The Court concludes that the named Plaintiffs will adequately represent the interests of the class.

The adequacy inquiry has two parts: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). For the reasons set forth by Plaintiffs in their motion, which are uncontested by the Defendant, the Court concludes that Adele D. Nicholas and Mark G. Weinberg are qualified under Rule 23(g) to serve as class counsel and will fairly and adequately represent the interests of the class. The Court notes in particular that counsel was appointed to represent the class in a related case and did so with diligence. *See Murphy v. Raoul*, 380 F. Supp. 3d 731 (N.D. Ill. 2019) (counsel successfully advocated on behalf of plaintiffs with related claims). Counsel has the necessary skill, experience, knowledge, and resources to represent the class, and has already done substantial work to develop the claims at issue. Defendant does not contest this. The Court concludes that counsel will fairly and adequately represent the interests of the class.

For the foregoing reasons, the Court grants Plaintiffs' Amended Motion for Class Certification and for Appointment of Class Counsel.

_____
Virginia M. Kendall
United States District Judge

Date: July 1, 2020

---

[1] They are: Columbo Galindo, Andra Sampson, DeJuan Wright, Jerrand Miller, John Margarella, Kenneth Green, David Easton, Paul D. Hubbard, Juan Medina, Adam Escamilla, Aishef Shaffer, Edward Bartgen, Reginald Harris, Johnny Harris, Lavonne Givens, Lashaun Dean, Justin Fluckert, Dontae Boykin, Ronald Garrison, Joshua Huddleston, Manuel Aleman, Arnold Lloyd, Melvin Kelley, Andre Dunn, Alvin Goldberg, Marcus Barnes, Luis Aponte, Kevin Manson, Fredrick Chamblis, Corey Crowe, Dana Monson, Joshua Atkins, Kenneth Schroeder, Wade Council, Christopher Shelton, and Mark Faller.