## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS BARNES, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-2137 |
| | ) | |
| ROB JEFFREYS, in his official | ) | Hon. Virginia M. Kendall |
| capacity as the Director of the Illinois | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF JERRAND MILLER AND ANDRA SAMPSON'S MOTION FOR A PRELIMINARY INJUNCTION

Jerrand Miller, R60718, and Andra Sampson, R70879, are members of the certified class who have completed their sentences of imprisonment and have been released from the custody of the Illinois Department of Corrections ("IDOC") to serve their Mandatory Supervised Release time in the community. To remain at liberty in the community, they must reside at a host site that has been approved by the IDOC.

The address 601 10th St., North Chicago, Illinois 60064, would otherwise be approved by IDOC, but for the "One Person Per Address" provision in 730 ILCS 5/3-3-7(a)(7.6). This Court has already determined that it is unconstitutional to imprison sex offenders after their period of incarceration has been completed solely because they are unable to find suitable host sites. *See Murphy v. Raoul*, 380 F. Supp. 3d 781 (N.D. Ill. 2019).

There has been no legitimate public interest articulated in only having one sex offender live at an address. Therefore, the Court finds that 730 ILCS 5/3-3-7(a)(7.6) is unconstitutional as it applies to Jerrand Miller and Andra Sampson, and Defendant is enjoined from enforcing the "One Person Per Address" provision in 730 ILCS 5/3-3- 7(a)(7.6) as to these individuals to the extent they seek to reside at 601 10th St. in North Chicago.


Hon. Virginia M. Kendall,
Judge Presiding

_March 12, 2021_
Date

2