IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS BARNES, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 20-cv-2137 |
| | ) |
| ROB JEFFREYS, in his official | ) Hon. Virginia M. Kendall |
| capacity as the Director of the Illinois | ) |
| Department of Corrections, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR
PROPOSED PERMANENT INJUNCTION ORDER**

On September 20, 2021, this court granted Plaintiffs' request for a permanent injunction. ECF 137. The court asked the parties to prepare and submit a proposed order. *Id*. The parties have conferred and are in substantial agreement regarding the language of a proposed order.[1] The parties' respective drafts are attached hereto as Exhibits 1 (Plaintiffs' Proposal) and 2 (Defendant's Proposal). Despite the parties' good faith efforts to reach an agreement, they remain in dispute over the proposed language. The parties' dispute concerns only a single sentence in the entire proposed order. The particular sentence in dispute reads as follows:

> IDOC retains the discretion to deny sex offenders release to host sites deemed unsafe or likely to impede the sex offender's rehabilitation.

Plaintiffs object to this language being included; Defendant is committed to its inclusion. Plaintiffs explain below why they object to the inclusion of this language.

---

[1] Defendant has reviewed and commented on the language of the proposed order, but does not agree to entry of a permanent injunction.

# ARGUMENT

Plaintiffs object to inclusion of this language for four reasons.

First, is improper for a court to include language in a permanent injunction that does not address the particular violation that is the subject of the injunction. *See Milliken v. Bradley*, 433 U.S. 267, 281-82 (1977) ("The well-settled principle that the nature and scope of the remedy are to be determined by the violation means simply that federal-court decrees must directly address and relate to the constitutional violation itself."); *id.* at 280 ("The remedy must therefore be related to the condition alleged to offend the Constitution.") (internal quotations omitted).

Here, the disputed language goes beyond the particular dispute of this litigation. This lawsuit concerns whether the IDOC can continue to enforce 730 ILCS 5/3-3-7(a)(7.6) (the "One-Per-Address Statute"), a section of the Illinois Uniform Code of Corrections which prohibits an individual on parole or MSR for a sex offense from living "at the same address or in the same condominium unit or apartment unit or in the same condominium complex or apartment complex with another person he or she knows or reasonably should know is a convicted sex offender or has been placed on supervision for a sex offense." The disputed sentence, however, goes well beyond the question of the constitutionality of the One-Per-Address Statute. It addresses the power accorded the IDOC to review and approve host sites more generally. The discretion IDOC retains to deny host sites for reasons other than the presence of another registrant at the same address is a matter set forth in other sections of the

Code of Corrections that will be unaffected by any order entered by the court in this case.

Second, Plaintiffs object to the inclusion of the disputed language because the scope of the IDOC's discretion to reject host sites is presently in dispute in *Murphy v. Raoul*, 16-cv-11471. In particular, Plaintiffs have raised concerns regarding the propriety of the Department of Corrections' vesting sex offender therapists with the authority to reject proposed host sites that are compliant with the restrictions imposed by Illinois law on the sole basis that a therapist believes a site to be "unsuitable," "not an appropriate environment," or likely to "increase the risk of re-offense." *See* 16-cv-11471, ECF Nos. 179, 194, 216 (Plaintiffs' Motion for a Rule to Show Cause and supporting briefing). The effect of including the disputed language would be to resolve this important and disputed legal question in Defendant's favor.

Third, the inclusion of this disputed language in the permanent injunction order runs the risk of causing confusion and would seem to give powers to the IDOC that the lawsuit was meant to restrain—*i.e.,* the power to deny release to a host site because in the individual judgment of a parole agent or therapist it isn't appropriate or desirable to have more than one registrant residing at the same address.

Finally, the disputed language is redundant of language already included in the proposed order (see bullet point 3), which makes clear that all proposed host sites must meet the requirements imposed by "the applicable provisions of the Illinois Criminal Code, the Illinois Code of Corrections, and/or any other applicable laws, regulations, and policies and procedures" and must still undergo the IDOC's normal

investigation and approval process. Indeed, the language that Plaintiffs have suggested exactly replicates the language that has been included in the Court's 20 previous preliminary injunction orders. *See, e.g.*, ECF 134, Order Granting Plaintiffs' 20th Motion for a Preliminary Injunction, at 3 ("The release of the above-identified class members is subject to the approval of the host, program operator, or landlord at each housing location; and subject to the proposed housing locations otherwise being approved by IDOC as meeting all requirements and satisfying applicable provisions of Illinois law."); Ex. 1, Plaintiff's Proposed Order ("Approval of proposed host sites is subject to acceptance by the host, program operator, or landlord; and subject to the proposed housing locations' otherwise being approved by IDOC as meeting all requirements and satisfying applicable provisions of Illinois law.")

For all of these reasons, Plaintiffs respectfully request that the Court enter a permanent injunction consistent with Plaintiffs' proposed order, attached hereto as Exhibit 1.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiffs*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

4

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net