IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS BARNES, *et al.*, individually and on behalf of all others similarly situated, | ) ) ) ) | No. 20-cv-2137 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Judge Virginia Kendall |
| ROB JEFFREYS, in his official capacity as the Director of the Illinois Department of Corrections, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S UNOPPOSED MOTION**
**FOR ENTRY OF PERMANENT INJUNCTION ORDER**

Defendant Rob Jeffreys, Director of the Illinois Department of Corrections ("IDOC" or the "Department"), by his attorney, Illinois Attorney General Kwame Raoul, respectfully requests that the Court enter a permanent injunction order to memorialize its previous decision to grant Plaintiffs' motion for a permanent injunction on September 20, 2021. In support of this unopposed motion, Defendant states as follows:

1.  Plaintiffs' original complaint was filed April 5, 2020. Dkt. 1. Plaintiffs allege that 730 ILCS 5/3-3-7(a)(7.6) (the "One-Per-Address Statute"), which prohibits individuals on Mandatory Supervised Release ("MSR") for sex offenses from living "at the same address or in the same condominium unit or apartment unit or in the same condominium complex or apartment complex with another person he or she knows or reasonably should know is a convicted sex offender or has been placed on supervision for a sex offense," violates their constitutional rights under the Eighth Amendment and the equal protection clause. *See, e.g.*, Dkt. 23 at 1-2.

2. Plaintiff Marcus Barnes filed a motion for temporary restraining order and preliminary injunction on that same date (Dkt. 3), which the Court granted on April 8, 2020. Dkt. 11.

3. Plaintiffs filed their First Amended Complaint on April 28, 2020 (Dkt. 16), as well as a second motion for preliminary injunction. Dkt. 18. The Court granted this second preliminary injunction motion on May 6, 2020. Dkt. 21. While the parties briefed class certification and the Plaintiffs' summary judgment motion, the Court granted the Plaintiffs' third through twelfth preliminary injunction motions. *See* Dkt. 29, 52, 60, 64, 69, 74, 78, 84, 86, 88, 94. Each of these preliminary injunction motions sought relief for a different group of class members to reside at specific locations where other sex offenders were already living.

4. The Court granted Plaintiffs' motion for summary judgment with respect to their Eighth Amendment and equal protection claims on March 26, 2021. Dkt. 95. On April 12, 2021, Plaintiffs moved for entry of a permanent injunction. Dkt. 103. While the parties briefed the motion for a permanent injunction, the Court granted the Plaintiffs' 13th through 20th preliminary injunction motions. Dkt. 101, 110, 119, 121, 127, 129, 132, 134,

5. On September 20, 2021, the Court held a hearing on Plaintiffs' motion for a permanent injunction. Dkt. 137. Following that hearing, the Court entered a minute entry stating: "Plaintiff's Motion for permanent injunction . . . is granted. Parties are to provide the Court with a Proposed Order for review." *Id*.

6. On September 28, 2021, the parties submitted two different proposed orders to the Court—Plaintiffs' proposed permanent injunction order (Dkt. 138-1) and Defendant's proposed permanent injunction order (Dkt. 138-2), and the Plaintiffs filed a memorandum supporting Plaintiffs' proposed order. Dkt. 138. The difference between the two proposed orders is a single

sentence regarding the Department's discretion to deny host sites, a sentence that is a direct quote from the Court's summary judgment ruling in this case. *See* Dkt. 140 at 1, Dkt. 95 at 25.

7. On September 30, 2021, Defendant submitted a response (Dkt. 140) explaining why his proposed order (Dkt. 138-2) is preferable to Plaintiffs' proposed order (Dkt. 138-1). As explained in that response, Defendant did not (and does not) agree to the entry of any permanent injunction order in this matter. Dkt. 140 at 2. However, because the Court has already granted the Plaintiffs' motion for a permanent injunction, Defendant respectfully requested that the Court include the additional sentence to provide greater clarity to the Court's order. *Id*. at 3-4.

8. While the Court considered the parties' proposed permanent injunction orders, the Court granted the Plaintiffs' 21st through 37th preliminary injunction motions. *See* Dkt. 139, 142, 144, 147, 150, 152, 154, 156, 159, 160, 162, 164, 170, 172, 174, 176, 178.

9. On March 25, 2022, the Court entered a minute entry stating that "Motion for Permanent Injunction 103 was granted as part of the Court's Minute Entry 137 dated 9/20/2021. The Court takes under advisement Plaintiff's Memorandum 138 and Defendant's Response 140." Dkt. 179.

10. After Minute Entry 179 was entered, Plaintiffs consulted with the Department regarding whether a formal permanent injunction order was necessary. As Plaintiffs explained in their 38th preliminary injunction motion:

> The parties have reviewed the Court's minute order (ECF 179) granting Plaintiffs' motion for a permanent injunction. Plaintiffs are filing this motion because in the absence of a formal order enjoining enforcement of the One-Per-Address Statute pursuant to Fed. R. Civ. P. 65(d), the Department of Corrections believes that it still has a legal obligation to comply with the Statute. In addition, the parties believe that it is necessary for class members who will be residing at the same address as one another to have a formal court order that they can show to local registration authorities who may have questions regarding whether their residence is lawful in light of the restrictions imposed pursuant to the Statute.

3

Dkt. 180 at 1-2.

11. Since entering Minute Entry 179, which took the parties' submission regarding the proposed permanent injunction orders under advisement, the Court has granted the Plaintiffs' 38th through 50th preliminary injunction motions. *See* Dkt. 181, 183, 185, 187, 189, 191, 193, 195, 197, 199, 201, 203, 205.

12. Defendant respectfully requests that the Court enter a formal permanent injunction order compliant with Federal Rule of Civil Procedure 65(d). Rule 65(d) requires that, "every order granting an injunction" must "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

13. As previously explained, Defendant does not agree to the entry of any permanent injunction order in this matter. However, because the Court has already granted the Plaintiffs' motion for a permanent injunction, Defendant respectfully requests that the Court enter a permanent injunction order as required by Rule 65(d)(1), adopting Defendant's version of the court's previous determination, which was attached to Plaintiffs' memorandum as Dkt. 138-2, for the reasons set forth in Defendants' response. *See* Dkt. 140.

14. Entry of a Rule 65(d) permanent injunction order would provide specific instruction to the Department and its employees as to how to conform to the Court's ruling. It would also provide guidance to outside entities such as registering agencies and other states that may accept Illinois parolees through the Interstate Compact. Entry of a permanent injunction would conserve judicial and State resources because the Plaintiffs would no longer need to submit preliminary injunction motions for individual parolees. Finally, entry of a permanent

injunction order would allow the Department to review its options regarding any possible appeal of the Court's order.

15. Plaintiffs do not oppose the motion, but request that the Court enter Plaintiffs' proposed order (Dkt. 138-1) for the reasons stated in Plaintiffs' Memorandum (Dkt. 138).

For these reasons, Defendant respectfully requests the Court enter a formal permanent injunction order in this case.

                                        Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois         By:    */s/ Sarah H. Newman*
                                                    Sarah H. Newman
                                                    Michael T. Dierkes
                                                    Assistant Attorneys General
                                                    General Law Bureau
                                                    100 W. Randolph St., 13th Fl.
                                                    Chicago, Illinois 60601
                                                    312-814-6131
                                                    312-814-3672
                                                    sarah.newman@ilag.gov
                                                    michael.dierkes@ilag.gov

                                                    *Counsel for Defendant Rob Jeffreys*