## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS BARNES, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-2137 |
| | ) | |
| ROB JEFFREYS, in his official | ) | Hon. Virginia M. Kendall |
| capacity as the Director of the Illinois | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFFS' 51st
## MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

The members of the class identified below have completed their sentences of

imprisonment and are entitled to be released from the custody of the Illinois

Department of Corrections ("IDOC") to serve their Mandatory Supervised Release

time in the community, provided that they are able to submit a host site that is

acceptable to the IDOC. Each of the class members has identified housing that

would otherwise be approved by IDOC, but for the "One Person Per Address"

provision in 730 ILCS 5/3-3-7(a)(7.6). This Court has already determined that it is

unconstitutional to imprison sex offenders after their period of incarceration has

been completed solely because they are unable to find suitable host sites. *See*

*Barnes v. Jeffreys,* 2021 U.S. Dist. LEXIS 57432 (N.D. Ill. Mar. 26, 2021).

The following class members have identified host sites that will be supportive of

their transition back into the community:

**1401 Sheridan Rd.**
**Winthrop Harbor, IL 60096**

- Patrick Ryan, R73186
- Robert Dillon, B28994

**4220 W. Carroll St.**
**Chicago, IL 60624**

- George Ashetzie, N14214
- Aaron Green Y46942

**2500 S. Throop St.**
**Chicago, IL 60608**

- Roy Dennis, M48342

**5350 S. Winchester St.**
**Chicago, IL 60636**

- Jarvis Beane, M48126

**Next Available Bed at Future Foundation Addresses**

- Raphael Hagler, M51801

**Next Available Beds in the Intensive Community Reintegration Program**

- Cantrell Cordova, Y48078
- Jonathan Zanardelli, M51572
- Skyler Roudis, Y36483
- David Maldonado, Y36888
- Jacob Kahle, B88425
- John Marshall, R64355

At each of these proposed housing locations, the class member would be residing in the same building as another person who has been convicted of a sex offense, and therefore Defendant cannot approve these individuals to reside at the proposed locations because of its obligation to follow 730 ILCS 5/3-3-7(a)(7.6).

There has been no legitimate public interest articulated in only having one registrant live at an address. Therefore, the Court finds that the statute is unconstitutional as it applies to the individuals identified above, and Defendant is enjoined from enforcing the "One Person Per Address" provision in 730 ILCS 5/3-3-7(a)(7.6) as to these individuals to the extent they seek release to the locations identified above.

The release of the above-identified class members is subject to the approval of the host, program operator, or landlord at each housing location; and subject to the proposed housing locations otherwise being approved by IDOC as meeting all requirements and satisfying applicable provisions of Illinois law.


_8/16/2022_____

Hon. Virginia M. Kendall,          Date
Judge Presiding