# DECLARATION OF ADELE D. NICHOLAS

1. I am one of the attorneys for Plaintiffs in *Barnes v. Jeffreys*, 20-cv-2137.

2. I have been an attorney since 2008. Throughout my career I have worked principally on civil rights cases arising under 42 U.S.C. §1983, primarily civil rights class actions. I have appeared as counsel of record on more than 250 civil rights actions in federal court. Among my recent class action cases are *Murphy v. Raoul*, 16-cv-11471, 380 F. Supp. 3d 731 (N.D. Ill., 2019) (certified class action; obtained permanent injunction governing IDOC procedures for releasing sex offenders on Mandatory Supervised Release); *RCP Publications Inc. v. City of Chicago*, 15-cv-11398 (certified class action; obtained permanent injunction prohibiting enforcement of City's sign-posting ordinance and class-wide damages); and *Adair et al v. Town of Cicero*, 18-cv-3526 (certified class action challenging conditions of confinement in lockup facility; obtained class-wide damages and changes to detention procedures).

3. I devote a substantial part of my practice to sex offense law and policy reform. In collaboration with attorney Mark Weinberg, I have successfully litigated constitutional challenges to residency restrictions applied to persons with sex offense convictions in Illinois, Wisconsin, and Minnesota. *See. e.g.*, *Hoffman v. Vill. of Pleasant Prairie*, 249 F. Supp. 3d 951 (E.D. Wis. 2017) (summary judgment for plaintiffs in constitutional challenge to residency restriction ordinance); *Evenstad v. City of W. St. Paul*, 306 F. Supp. 3d 1086 (D. Minn 2018) (granting preliminary injunction to plaintiff in challenge to residency restriction ordinance); *Koch v. Vill.*

*of Hartland*, 43 F.4th 747 (7th Cir. 2022) (reversing grant of summary judgment to defendant municipality in challenge to residency restriction ordinance).

4. I currently serve as the Executive Director of Illinois Voices for Reform, the Illinois organization devoted to legal and policy advocacy regarding registries and other post-conviction restrictions applied to persons with sex offense convictions. I was formerly a board member of the California-based Alliance for Constitutional Sex Offense Laws ("ACSOL"). I have been a featured presenter or keynote speaker at the conferences of the Alliance for Constitutional Sex Offense Laws; the National Alliance for Rational Sex Offense Laws; and the Sex Offense Law and Policy Resource Center at the Mitchell-Hamline School of Law. I regularly consult with attorneys in Illinois and elsewhere about parole restrictions, housing exclusion laws, and registration requirements applied to persons with sex offense convictions and have submitted amicus briefs to the Illinois Supreme Court and Sixth Circuit Court of Appeals regarding these issues. I have been quoted as a source in local and national news outlets including *The Chicago Tribune*, Vice News, CBS58 (Milwaukee), NBC5 (Chicago) and WBEZ (91.5 FM).

5. I maintain daily time sheets reflecting the work performed on each client matter and the time devoted to each task.

6. The timekeeping records I have maintained for this case reflect that I have performed 774 hours of work on behalf of the Plaintiffs and the class to date. This work includes the following:

- Interviewing the named Plaintiffs and members of the class about their inability to secure housing that complies with the One-Per-Address Statute;

- Legal research regarding potential legal theories for challenging the constitutionality of the One-Per-Address Statute;
- Identifying housing providers throughout the state who would house members of the class but for the One-Per-Address Statute;
- Drafting the complaint and two amended complaints;
- Drafting and litigation of a successful class certification motion;
- Drafting and litigation of 51 successful preliminary injunction motions on behalf of approximately 900 class members who otherwise would have been imprisoned due to inability to secure housing that complies with the One-Per-Address Statute;
- Drafting and litigation of a successful summary judgment motion;
- Frequent communication with housing providers, members of the class and their families and loved ones concerning the process for obtaining approval for housing with court authorization;
- Communication with state police and local police departments throughout the state regarding the outcome of the case and the injunctive relief granted to the class;
- Successful litigation of a permanent injunction motion;
- More than 15 court appearances on behalf of the class;
- Attempting to discuss the potential settlement of attorney's fees with counsel for the Illinois Department of Corrections.

7. In connection with our advocacy for the release of class members on to MSR, I fielded hundreds of phone calls and letters from class members and their families who sought information about the case, their rights, and their ability to obtain a court order permitting them to reside at the same address as another person who is required to register. I was told by numerous class members that my phone number was being distributed to persons with sex offense convictions at the IDOC's "parole school," the classes provided by IDOC for persons preparing for release on to MSR, and persons preparing for MSR were being told that I was able to help them obtain housing.

8. My current hourly rate for legal services is $400/ hour. This rate is in line with what I have been awarded by courts in this district in the past and consistent

3

with market rates for attorneys with a similar level of experience. In 2018, this Court awarded me fees at an hourly rate of $375 per hour. *RCP Publications Inc. v. City of Chicago*, 15 C 11398, ECF No. 104-1 (N.D. Ill., 2018) (Kennelly, J.) (uncontested petition). A rate of $400 per hour is a modest increase of less than 2 percent per year from my approved rate from four years ago and is lower than rates approved for attorneys of comparable experience in the Seventh Circuit. *See Bellamy v. City of Chi.*, No. 15 C 02678, 2017 U.S. Dist. LEXIS 136664 (N.D. Ill. Aug. 25, 2017) (awarding $465/hr. to an attorney with "14 years [of experience] working on civil rights cases"); *Pouncy v. City of Chi.*, No. 15-cv-1840, 2017 U.S. Dist. LEXIS 203020 (N.D. Ill. Dec. 11, 2017) (awarding $465/hr. to a civil rights attorney with 14 years of experience); *Miller v. City of Richmond*, No. 1:17-cv-00901-TWP-DML, 2018 U.S. Dist. LEXIS 156928, at *8 (S.D. Ind. Sep. 14, 2018) (awarding $450 per hour to a civil rights attorney with 12 years of experience); *Entm't Software Ass'n v. Blagojevich*, No. 05 C 4265, 2006 U.S. Dist. LEXIS 93638, 2006 WL 3694851, at *2 (N.D. Ill. Aug. 9, 2006) (awarding hourly rate of $425 to attorney with 10 years of experience).

9. Thus, the fair-market value of the work I performed on behalf of Plaintiffs and the class is $309,600 (774 hours calculated at an hourly rate of $400).

Pursuant to 28 U.S.C. §1746, I certify that the statements set forth herein are true and correct.

<u>Dated: November 19, 2022</u>　　　　　　　　/s/ Adele D. Nicholas
　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com