# DECLARATION OF MARK G. WEINBERG

Pursuant to 28 U.S.C. §1746, I, Mark G. Weinberg, hereby state and affirm the following:

1. I am one of the two attorneys for Plaintiffs in *Barnes v. Jeffreys*, 20-cv-2137.

2. I am a 1984 graduate of Yale College and a 1988 graduate of the Law School at the University of Chicago. Early in my career, I worked as a corporate attorney, specializing in securities and commodities regulatory work. Since 2001, I have been a solo practitioner with a focus on civil rights law.

3. Since 2014, my main professional focus has been litigating the constitutionality of laws and polices directed at people convicted of sex offenses. During that time, I have litigated upwards of 15 cases in Illinois, Wisconsin, and Minnesota. In 2019, I was honored with the Hawthorne Award from the National Association for Rational Sex Offense Laws in recognition of my advocacy on behalf of registrants.

4. My contemporaneously maintained time records in this case are submitted simultaneously with this declaration. The total number of my hours claimed is 129. I have already exercised billing judgment in that I did not record all of the hours expended and used judgment in not recording the time spent which was duplicative or redundant with my co-counsel on the case. I usually keep track of my time by entering it directly into the computer the same day. Occasionally, I keep track of my time on paper and input this into the computer soon after writing it down. The time records accurately reflect the work I performed on behalf of the Plaintiffs in this

case.

5. I seek an award of attorney's fees at a rate of $450.00 per hour. This is my current billing rate for such complex litigation matters. This rate was accepted as the market rate for my services in the Chicago area by the Court in *RCP Publications Inc. v. City of Chicago*, 15 C 11398 (N.D. Ill., 2018) (Kennelly, J.); and in *Norton v. City of Springfield*, 3:13-cv-03316-RM-TSH (C.D.Ill., Dec. 15, 2017) (Mills, J.).

6. I have been a member of the bar since 1988. Based on my familiarity with attorneys of comparable age, experience and expertise, an hourly rate of $450.00 for the work performed in this case involving complex and important Fourteenth Amendment issues is reasonable and consistent with the market rate. *See Bellamy v. City of Chi.*, No. 15 C 02678, 2017 U.S. Dist. LEXIS 136664 (N.D. Ill. Aug. 25, 2017) (awarding $465/hr. to an attorney with "14 years [of experience] working on civil rights cases"); *Pouncy v. City of Chi.*, No. 15-cv-1840, 2017 U.S. Dist. LEXIS 203020 (N.D. Ill. Dec. 11, 2017) (awarding $465/hr. to a civil rights attorney with 14 years of experience); *Miller v. City of Richmond*, No. 1:17-cv-00901-TWP-DML, 2018 U.S. Dist. LEXIS 156928, at *8 (S.D. Ind. Sep. 14, 2018) (awarding $450 per hour to a civil rights attorney with 12 years of experience); *Entm't Software Ass'n v. Blagojevich*, No. 05 C 4265, 2006 U.S. Dist. LEXIS 93638, 2006 WL 3694851, at *2 (N.D. Ill. Aug. 9, 2006) (awarding hourly rate of $425 to attorney with 10 years of experience).

7. I have extensive experience in issues related to the Fourteenth Amendment

and and in particular cases involving the legal rights of individuals who have been convicted of sex offenses, including (but not limited to) the following six cases:

(i) *Murphy v. Raoul*, 380 F. Supp. 3d 731 (N.D. Ill. 2019) (obtained a permanent injunction on behalf of a certified class of several hundred individuals imprisoned in the Illinois Department of Corrections beyond their release dates under due process and equal protection theories);

(ii) *Barnes v. Jeffreys,* No. 20-cv-2137, 2021 U.S. Dist. LEXIS 57432 (N.D. Ill. Mar. 26, 2021) (obtained permanent injunction that Illinois statute prohibiting individuals convicted of sex offenses from being released on to mandatory supervised release to a location where another person convicted of a sex offense resides is unconstitutional);

(iii) *Stone v. Jeffreys,* 20-cv-5616 (N.D. Ill. Mar. 26, 2021) (obtained preliminary injunction prohibiting the continued detention of registrants unable to obtain housing);

(iv) *Koch. v. Village of Hartland*, 43 F.4th 747 (7th Cir. 2022) (reversing grant of summary judgment to defendant municipality in challenge to residency restriction ordinance);

(v) *Hoffman et al. v. Pleasant Prairie*, 16-CV-697-JPS (E.D. Wis., April 17, 2017) (Stadtmueller, J.) (obtained permanent injunction on behalf of group of plaintiffs on their claim that City Ordinance imposing residency restrictions on individuals who have been convicted of sex offenses was unconstitutional); and

(vi) *Evenstad. v. City of West St. Paul, et al.,* 16-CV-697-JPS (D. Mn., January 25, 2018) (Tunheim, J.) (obtained preliminary injunction on behalf of plaintiff who claimed that City Ordinance imposing residency restrictions on individuals convicted of sex offenses was unconstitutional).

Pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth herein are true and correct.

Dated: November 19, 2022 /s/ Mark G. Weinberg  
Law Office of Mark G. Weinberg  
3612 N. Tripp Avenue  
Chicago, Illinois 60641  
(773) 283-3913  
mweinberg@sbcglobal.net

3