

Adele Nicholas <adele@civilrightschicago.com>

## Barnes: Attorneys' Fees

**Adele Nicholas** <adele@civilrightschicago.com>  Fri, Nov 4, 2022 at 6:04 PM
To: "Newman, Sarah" <Sarah.Newman@ilag.gov>
Cc: Mark Weinberg <mweinberg@sbcglobal.net>, "Dierkes, Michael" <Michael.Dierkes@ilag.gov>

Dear Sarah,

I am writing regarding our conversation earlier today about our efforts to reach an agreement on fees.

As set forth in our previous email, we agreed to the Department's request for an additional month to respond to our proposal and to provide the information required by LR 53.4. Unfortunately, we learned today that the Department is not planning to respond to our fee request by the agreed-on date (November 4) and could not provide a date by which it would respond.

The local rule governing fee petitions sets a generous (91 day) deadline for fee petitions to give the parties ample time to engage in negotiations and try to reach a resolution. As we previously stated, we are not planning to seek an extension of time beyond the 91 day deadline. Our petition is due November 21 and we will plan to file the petition on that date. We are happy to discuss the matter in advance of that.

thank you,

Adele

On Fri, Oct 14, 2022 at 3:21 PM Adele Nicholas <adele@civilrightschicago.com> wrote:
> Hi Sarah,
>
> As requested, I've attached all of the Excel versions of our time records. I do not have one big universal file for all of our time, but I assume that you can combine/sort the data from these spreadsheets in a way that facilitates your review.
>
> We don't object to your request for an extension of time to provide objections. Our deadline for filing our petition is November 21, 2022, so if we have your response by Nov. 4, that will hopefully put us in a reasonable position to know whether we are going to be able to settle our fees.
>
> thanks,
> Adele
>
> On Wed, Oct 12, 2022 at 4:54 PM Newman, Sarah <Sarah.Newman@ilag.gov> wrote:
>> Adele,
>>
>> As part of a request for settlement authority, we generally need to provide a breakdown of fees by task/category (e.g., complaint, preliminary injunction, summary judgment, etc.). It's a lot easier with an Excel file, and I thought that this would help speed up the process.
>>
>> I apologize for the delay in responding to your fee request, which to be clear is 100 percent on my end. I have been extremely busy, between *Stone*, *Frazier*, and *Tucker*, a jury trial that was scheduled for September and settled three days beforehand, and many other cases. In addition, one of the AAGs in my unit left our office less than a month before a jury trial that she was the lead on, and I've been working with the trial team (most of whom are new to the case) prepare for that trial, which starts on October 20. Similarly, Mike has been handling another

major case handled by this former AAG and has been defending depositions every day this week.

Given your email below, it sounds like we need to file a motion for extension of time to provide our objections to your fee request. Given the tight schedule that we have in *Tucker*, with 5 depositions in the next 10 days, I'm planning to ask the Court to give us until November 4 to provide our objections. Let us know if we can file this motion as unopposed.

Regards,

Sarah H. Newman

---

**From:** Adele Nicholas <adele@civilrightschicago.com>
**Sent:** Monday, October 10, 2022 1:04 PM
**To:** Newman, Sarah <Sarah.Newman@ilag.gov>
**Cc:** Dierkes, Michael <Michael.Dierkes@ilag.gov>; Mark Weinberg <mweinberg@sbcglobal.net>
**Subject:** Re: [EXTERNAL] Barnes: Attorneys' Fees

Dear Sarah,

We have monthly excel spreadsheets that are identical to the PDFs we provided, but we are a bit confused by the request. What information is going to be gleaned from the excel files that is not already available from the PDFs? We have been involved in numerous fee negotiations, including several with the Department (e.g., *Murphy*) and we have never been asked to provide excel spreadsheets in addition to PDFs of our time records. If they are necessary, we can provide them. However, we would like to know the reason for the request.

It is frustrating that Defendant's request for native files only comes after the Department's deadline under Rule 54.3 had already passed. See L.R. 54.3(d) (requiring the respondent to disclose their time and work records and "any evidence the respondent will use to oppose the requested hours, rates, or related nontaxable expenses" within 21 days of receiving the movant's supporting records.) We are happy to negotiate our fees, but we do not want to request an extension of time for negotiations.

Please get back to us at your earliest opportunity.

Thank you,

Adele and Mark

On Tue, Oct 4, 2022 at 5:24 PM Newman, Sarah <Sarah.Newman@ilag.gov> wrote:

Adele,

We're still working on a response to your fee request. If we need to seek an extension of time from the Court, we would certainly support that.

There is one thing that would really help us with getting back to you faster. If your time records were done in Excel or other spreadsheet program, would you possibly be willing to share the native files with us? It's just cumbersome trying to review 30+ PDF files. We would keep any native files shared confidential as well as the PDFs you have already shared.

Thanks for any help you can provide,

Sarah

---

**From:** Adele Nicholas <adele@civilrightschicago.com>
**Sent:** Tuesday, October 4, 2022 9:06 AM
**To:** Newman, Sarah <Sarah.Newman@ilag.gov>
**Cc:** Dierkes, Michael <Michael.Dierkes@ilag.gov>; Mark Weinberg <mweinberg@sbcglobal.net>
**Subject:** Re: [EXTERNAL] Barnes: Attorneys' Fees

Dear Sarah and Mike,

We are writing to see whether the Department has any response to our proposal now that we have provided our time records and support for our rates.

The local rule limits the time we have to negotiate fees before we have to file our petition, so please get back to us as soon as possible.

Thanks,

Adele

On Sun, Sep 11, 2022 at 10:59 PM Adele Nicholas <adele@civilrightschicago.com> wrote:

> Dear Sarah,
>
> I have attached our monthly time records for *Barnes*. Pursuant to local rule 54, please treat these documents as confidential (*i.e.*, only to be used in connection with our efforts to negotiate fees). In the event that these records must be filed in connection with a fee petition, we will first need to make redactions to protect confidential information (such as addresses and phone numbers of clients and their families) and/or seek leave to file them under seal to avoid public disclosure of these details.

**Hours**

The final numbers are 127 hours for Mark at $450/hour and 766.5 hours at $400/hour for me. Upon review of his timesheets, Mark noticed some entries for this case that were miscategorized into other cases, which accounts for the discrepancy from our initial summary.

We believe that the number of hours billed on the case is reasonable based on many factors, including the relief achieved for the class, the number of class members involved, the work required, and the fact that IDOC officials leaned heavily on us to arrange housing for members of the class (going so far as to give out my phone number during parole school).

We exercised restraint in billing -- for example, even when a class member or their loved one called multiple times in a day and talked at length (a regular occurrence), I recorded only a tenth of an hour in my billing records. Because we were (and still are) receiving so many calls every day about this case from members of the class and their families, there are many calls that are simply not recorded at all.

A fee award that compensates us fully for the time invested into the case is appropriate based on the transformative results obtained. For many years, the continued detention of persons with sex offense convictions in prison due to the unavailability of compliant housing has been an intractable problem that lawmakers have been unwilling or unable to solve. *See Sex Offenses and Sex Offender Registration Task Force Final Report* (2017) ("On average, the Illinois Department of Corrections houses 1,200 to 1,400 offenders who may not be released from custody because they are unable to secure permanent, stable housing meeting Illinois statute requirements or agency policy."). This case went a long way towards changing that. In relation to the magnitude of the relief obtained, we litigated the case very efficiently.

**Rates**

With regard to support for the hourly rates we seek, Mark was awarded $450/hour in 2018 in the case *RCP Publications Inc. v. City of Chicago*, 15 CV 11398. I was awarded $375/hour in the same case. That was the last time our rates were set forth in a court order.

An increase in my rate to $400/hour is well within reason given that "hourly fees increase over time as a result of both inflation and the increasing skill and reputation of the billing attorney." *Williamson v. Ortiz*, No. 14-cv-6397, 2019 U.S. Dist. LEXIS 127473, at *5-6 (N.D. Ill. July 31, 2019) (Coleman, J.). Moreover, $400/hour is well below the rates awarded to civil rights attorneys of comparable experience in the community. *See, e.g., Bellamy v. City of Chi*., No. 15 C 02678, 2017 U.S. Dist. LEXIS 136664 (N.D. Ill. Aug. 25, 2017) (awarding $465/hr. to an attorney with "14 years [of experience] working on civil rights cases"); *Pouncy v. City of Chi.*, No. 15-cv-1840, 2017 U.S. Dist. LEXIS 203020 (N.D. Ill. Dec. 11, 2017) (awarding $465/hr. to a civil rights attorney with 14 years of experience).

If we file a fee petition, we will provide the court with affidavits from colleagues in the community attesting to the reasonableness of our rates in light of our experience, the rates awarded to attorneys of comparable experience and skill, and the particular expertise we have with regard to the issues raised in this case (*i.e.*, housing laws that apply to persons with sex offense convictions and MSR restrictions applied to this population).

We are happy to discuss this matter further after your client has had an opportunity to review.

thank you,

Adele

On Thu, Sep 8, 2022 at 11:09 AM Newman, Sarah <Sarah.Newman@ilag.gov> wrote:

> Adele,
>
> Thank you for providing this summary regarding your requested fees in *Barnes*. We will need your timekeeping records and support for your hourly rates before we can proceed any further.
>
> As far as additional fees in Murphy, I haven't heard back from IDOC but I assume they will prefer to negotiate the two matters separately.
>
> Thanks,
>
> Sarah
>
> ---
>
> **From:** Adele Nicholas <adele@civilrightschicago.com>
> **Sent:** Thursday, September 8, 2022 9:39 AM
> **To:** Newman, Sarah <Sarah.Newman@ilag.gov>
> **Cc:** Dierkes, Michael <Michael.Dierkes@ilag.gov>; Mark Weinberg <mweinberg@sbcglobal.net>
> **Subject:** [EXTERNAL] Barnes: Attorneys' Fees
>
> Dear Sarah,
>
> We are writing to initiate discussions regarding the potential for settlement of our claims for attorneys' fees in *Barnes*. We seek a total of $358,350 in attorneys fees for the case, itemized as follows:
>
> - Mark Weinberg: 115 hours at $450/hour
> - Adele Nicholas: 766.5 hours at $400/hour
>
> We are happy to provide our timekeeping records and support for our hourly rates if your client requests that information.
>
> We believe that the results obtained, the resources required, the risk involved, the complexity of the litigation, and our significant experience in this particular area of law amply support the award of a fully compensatory fee.
>
> There is also the separate matter of outstanding fees in *Murphy* for the time period of January 2021 to the present. We are happy to discuss that in conjunction with our discussion of fees in *Barnes* or as a

separate negotiation.

Please let us know how your client would like to proceed regarding this matter.

Thanks,

Adele

--

Law Office of Adele D. Nicholas

5707 W. Goodman Street

Chicago, Illinois 60630

p. 847-361-3869

f. 312-528-7670

www.adelenicholaslaw.com

--

Law Office of Adele D. Nicholas

5707 W. Goodman Street

Chicago, Illinois 60630

p. 847-361-3869

f. 312-528-7670

www.adelenicholaslaw.com

--

Law Office of Adele D. Nicholas

5707 W. Goodman Street

Chicago, Illinois 60630

p. 847-361-3869

f. 312-528-7670

www.adelenicholaslaw.com

--